UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx)<br>c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MICHELE MURRAY | LAURA ELLIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael Williams<br>Scott Florance | Jeffrey Kravitz<br>Jonathan Lagarenne<br>Alan Chen |

**Proceedings:** COUNTERCLAIM DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT  (filed 10/20/08)

## I.     INTRODUCTION

These related actions arise from the alleged infringement of U.S. Patent 6,288,319, entitled "Electronic Greeting Card with a Custom Audio Mix" (the " `319 patent"), issued to Gary Catona.

On August 7, 2007, Gary Catona and Fred Catona (the "Catonas") filed a complaint in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania action"), alleging that kSolo, Inc. ("kSolo") is infringing the `319 patent. On August 10, 2007, kSolo filed a complaint in this Court against the Catonas, No. CV 07-5213 (the "California action"), seeking declaratory judgment that the `319 patent is invalid and not infringed.  On December 7, 2007, the Pennsylvania action was transferred to this Court, and subsequently assigned case number CV 08-1801.  The cases were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx)<br>c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

thereafter consolidated on April 14, 2008.

On January 16, 2008, the Catonas filed an answer and counterclaim against kSolo in the California action, alleging willful infringement of the `319 patent by kSolo in violation of 35 U.S.C. § 283. On February 8, 2008, kSolo filed an answer to the counterclaim.

On October 20, 2008, kSolo moved for a judgment on the pleadings or, in the alternative, summary judgment, on the counterclaim.[1] The Catonas filed an opposition on October 27, 2008, and kSolo filed a reply on November 3, 2008. A hearing was held on November 10, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. BACKGROUND

On September 11, 2001, the United States Patent and Trademark Office issued the `319 patent to Gary Catona, in response to an application filed on December 2, 1999. California Action Complaint ("Compl.") ¶ 7, Ex. 1 ("Patent").[2] The patent is titled "Electronic Greeting Card with a Custom Audio Mix" and concerns a method for creating custom electronic audio greeting cards via computer. Patent at 1. The method has several steps: selecting a pre-recorded song from a song database, downloading that song

---

[1] kSolo filed an answer to the claims brought in the Pennsylvania action and counterclaims against the Catonas on April 3, 2008. kSolo has indicated that, should the instant motion be granted, it will seek voluntary dismissal of its declaratory judgment complaint and, presumably, its declaratory judgment counterclaim. Mot. at 1, n. 1.

[2] While the instant motion surrounds the counterclaim, the Court references the Complaint for some background information, while still construing all factual disputes in the non-moving party's favor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx)<br>c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

from a server to a client computer, recording a vocal track on the client computer while the pre-recorded song is playing, mixing the track with the pre-recorded song, saving that mix onto the server, assembling the mix into an electronic greeting card, and delivering the electronic greeting card. [3] Patent at 10.

     The Catonas allege that kSolo, for an unknown period of time, operated a for-profit service on its website at http://www.ksolo.com (the "website"), which used the technology claimed and described in the `319 patent. Counter-Cl. ¶ 35.[4] The website has a database of pre-recorded popular songs. A user selects one of these songs, and then downloads special software to his own computer, which he uses to adjust background music and microphone levels to create a custom audio mix setting. Lewis Decl. ¶¶ 7-12, Ex. C-H;[5] Counter-Cl. ¶ 11-12. The user then records a vocal track while the pre-

---

    [3] The patent contains are ten individual claims, each focusing on a step in the process. The parties do not dispute that the only independent claims are claims 1 and 10, both of which incorporate the multiple steps of the process. kSolo Statement of Undisputed Facts (KSUF) ¶ 1; Catonas' Statement of Genuine Issues (CSGI) ¶ 1.

    [4] The website now redirects users to http://ksolo.myspace.com, a feature on the social networking site MySpace entitled "MySpace Karaoke," and marked "powered by kSolo Beta." Lewis Decl. ¶¶ 2-4, Ex. A.

    [5] kSolo objects to the admission of this evidence which details Lewis' own experience using the current kSolo product available at http://ksolo.myspace.com, and provides "screenshots" of the site, on the ground that the Catonas have failed to lay a sufficient foundation.

    First, while kSolo challenges the foundation for Lewis' knowledge as to how the website operates, the declaration explains that he personally logged onto the website and is competent to testify as to what he found as a user of the site. Lewis Decl. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx)<br>c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

recorded song is playing, and uploads the ensuing customized mix to the kSolo website where he can send his mix to others along with a message, or obtain an internet address ("url") which can be directed to others to to listen to their recording.
Lewis Decl. ¶¶ 13-16, Ex. I-K.

      In or about June 2007, the Catonas' attorneys informed kSolo of the `319 patent and their belief that it was being infringed Counter-Cl. ¶ 36.

---

Moreover, the Court does not rely on Lewis' conclusions as to how the website works, but merely gleans information from the accompanying screenshots. While screenshots or "printouts from a website do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902," they can be authenticated by "some statement or affidavit from someone with knowledge." In re Homestore.com, Inc. Securities Litigation, 347 F. Supp.2d 769, 782-83 (C.D. Cal. 2004). Though Lewis may not have knowledge as to how the website works on a technological level, his declaration establishes sufficient knowledge to attest that the screenshots are an accurate representation of what he encountered upon visiting the website. See Fed. R. Evid. 602 (witness' testimony may be used to establish personal knowledge).

      Second, the Lewis declaration, along with the Chen declaration to which kSolo also objects, is the only evidence that describes how the alleged infringing method operates. If this evidence were excluded, there would be even less evidence as to how kSolo actually works, and the Court would still have an insufficient factual record upon which to grant summary judgment.

      Accordingly, kSolo's objections to the Lewis declaration are overruled. Since the Court relies on none of the other evidence to which kSolo objects, the Court overrules kSolo's other objections as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx) c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

### III.    LEGAL STANDARD

####    A.    Judgment on the Pleadings

Judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is appropriate when, "taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure Civil 3d § 1368. "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

####    B.    Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx)<br>c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

  In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**III. DISCUSSION**

  kSolo argues that the patented method requires action by a minimum of two parties: a user to select the song and record their vocal track and a server computer to mix the audio tracks, assemble the greeting, and deliver the greeting to the intended recipient. Therefore, kSolo contends that, as a matter of law, it cannot be found to have infringed the `319 patent, since no one party has been alleged to or can be shown to perform every element of the claims at issue. kSolo Mot. at 7.

  kSolo's argument is based on the principle that "[i]nfringement requires . . . a showing that a defendant has practiced each and every element of the claimed invention." BMC Resources, Inc. v. Paymentech, L.P., 498 F.3d 1373, 1380 (Fed. Cir. 2007), rehear'g en banc denied (2008). The Federal Circuit, however, has noted that, even where multiple actors are involved, a patentholder can establish an infringement claim by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx)<br>c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

showing that one party "control[s] or direct[s] each step of the patented process," even if some steps are "performed" by others.[6] Id.

 Arguing that the Catonas cannot, as a matter of law, establish such control or direction, kSolo relies on the Federal Circuit's recent decision in Muniauction, Inc. v. Thompson Corporation, 532 F.3d 1318 (Fed. Cir. 2008). In Muniauction, the patent at issue focused on an electronic auction system for original issuers of financial instruments. The patented system provided an integrated website that allowed issuers to run an auction, bidders to prepare and submit bids, and all parties to monitor the current auction status. 532 F.3d at 1322. Applying Paymentech, the court found that the actions of the bidder and the allegedly infringing software developer could not be combined to establish direct infringement by one party, as there was no evidence to suggest that the bidders were under the "control" of the software company. 532 F.3d at 1330. Reversing the trial court's ruling on a motion for judgment as a matter of law, the court found that the software company had "neither performed every step of the claimed methods nor had another party perform steps on its behalf," and thus had not infringed the patent as a matter of law. Id.

 Neither Paymentech nor Muniauction provides a standard for courts to use in determining whether one actor was under the control or direction of another. Rather, as one district court has recently noted, Muniauction creates a "'spectrum' of multi-party relationships":

> At one end is 'mere arms-length cooperation,' which is insufficient to establish infringement. At the other end is 'control or direction over the entire process such that every step is attributable to the controlling party, i.e., the mastermind,' which is sufficient to establish

---

  [6] The Paymentech court referred to this as "joint infringement." 498 F.3d at 1381.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx) c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

      infringement. The outcome of applying the direction or control
      standard depends on where on this spectrum a particular case falls.

Emtel, Inc. v. Lipidlabs, Inc., No. H-07-1798, 2008 WL 4450310, at *14 (S.D. Tex. Sept. 30, 2008), quoting Muniauction. Here, the Cartonas advance two distinct theories of infringement, each which involves a different claim of "control." Each theory requires an independent analysis to determine whether the Cartonas can state a valid infringement claim.

### A. Users of kSolo.com as Direct Infringers

     First, the Catonas argue that the users of kSolo's site directly infringe all the claims of the `319 patent, and thus the joint infringement theory of Paymentech and Muniauction is irrelevant.[7] Opp. at 8-9. The users, the Catonas contend, actually perform all of the elements in the patented claims at issue, including mixing the tracks, assembling the audio mix, and delivering the electronic greeting card. CSGI ¶¶ 4-5.[8]

     Alternatively, even if the users do not directly perform all the tasks and the server performs some, the Catonas argue the users "control" or "put into action" every aspect of the card-creation process, and thus can meet the joint infringement standard. Id. They

---

       [7]     If the Catonas can show the individual users directly infringed the patent, kSolo could be held liable on a theory of indirect infringement or inducement. 35 U.S.C. § 271(b); Kyocera Wireless Corp. v. Int'l Trade Com'n, __ F.3d __, 2008 WL 4553140 (Fed. Cir. Oct. 14, 2008). See also Mot. at 15-16; Opp. at 11-12.

       [8]     The Court acknowledges kSolo's dispute with this contention. However, at this stage of proceedings, the Court must construe all issues of fact in favor of the nonmoving party. DSUF ¶¶ 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx)<br>c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

select a song and record their track, direct the computer program or server to mix and assemble the composite track, and then send it electronically to the recipient. The involvement of the computer program or server, the Catonas claim, does not preclude a finding that the users have infringed the patent, since the users "control" the computer at that point.

The Catonas cite Civix-DDI, LLC v. Cellco P'ship, 387 F. Supp.2d 869 (N.D. Ill. 2005) to support their claim that, by initiating the card-creation process, they demonstrate control. However, Civix-DDI involved a *system* claim, not a method claim like those included in the `319 patent. As the Federal Circuit has noted, "the concept of 'use' of a patented method or process is fundamentally different from the use of a patented system or device." NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1317 (Fed. Cir. 2005). While an entire tangible system or device is used when the system is "put into use," the same is not true with a method. "Because a process is nothing more than the sequence of actions of which it is comprised, the use of a process necessarily involves doing or performing each of the steps recited." 418 F.3d at 1318.

Under either of these two theories, though, the Rule 12(c) motion must be denied, as kSolo cannot show that the Catonas are not entitled to relief "under any set of facts that could be proved consistent with the allegations." Deveraturda v. Globe Aviation Security Svcs., 454 F.3d 1043, 1046 (9th Cir. 2006).[9] Even if the pleadings establish that the users could not infringe the patent without the kSolo software, the fact that users were aided does not preclude a finding that the users performed the requisite elements of the patented method. Under Paymentech and Muniauction, the question of control or direction is a fact-intensive question, and thus cannot be resolved on the pleadings. See

---

[9] The standard for a motion for judgment on the pleadings "is a purely procedural question not pertaining to patent law," and so the rule of the Ninth Circuit, not the Federal Circuit applies. Merck & Co., Inc. v. Hi-Tech Pharmacal Co., Inc., 482 F.3d 1317, 1320 (Fed. Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx) c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

Fisher-Barton Blades, Inc. v. Blount, Inc., No. 05-C-460, 2008 WL 4501914, at *12 (E.D. Wis. Sept. 30, 2008); see also Paymentech, 498 F.3d at 1381 (discussing sufficiency of evidence before trial court).

     Similarly, the motion for summary judgment must also be denied. kSolo points to Gary Catona's supplemental responses to kSolo's interrogatories, in which he stated that the computer server "performs" the elements of assembling and delivering the greeting, to establish that multiple actors are necessary to perform the elements of the claim. Reply at 5. However, Catona's statement that the "server" performs certain tasks is not inconsistent with a finding that the user is the only party that acts. kSolo has not established whether the computer server itself is an independent actor, or is merely functioning as a piece of technology used or controlled by another actor. See Collegenet, Inc. v. XAP Corp., 442 F. Supp.2d 1036, 1056 (D. Or. 2006) (finding genuine issue of material fact as to whether multiple actors were required to perform elements of method where computer server was one alleged actor).

     To determine whether the users perform all the elements of the claim with the assistance of the server, or whether the users perform some of the elements and then direct or control the server in its performance of the remaining elements of the claims at issue, this Court must first determine what the elements are via a claim construction hearing. See Nesscap Co., Ltd. v. Maxwell Technologies, Inc., No, 07-CV-704 JLS, 2007 WL 4277548, at *6 (S.D. Cal. Dec. 5, 2007) (denying motion for summary judgment prior to claim construction as premature). Without a more developed factual record and clearer construction of the claims, the Court cannot determine where on the Muniauction spectrum the control at issue lies. As such, the motion for summary judgment is denied without prejudice as to it being raised at a later juncture.

    **B. kSolo as Vicariously Liable for the Actions of its Users and Liable for Joint Infringement**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5213-CAS (AGRx)<br>c/w CV 08-1801-CAS (AGRx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | KSOLO, INC. V. GARY CATONA, et al. | | |

      The Catonas' second argument is that kSolo is vicariously liable for the actions of the individual users, and thus can be held liable under a joint infringement theory. In light of the Court's finding above, the Court does not address this theory of liability.[10]

## IV. CONCLUSION

      In accordance with the foregoing, the Court DENIES with prejudice kSolo's motion for a judgment on the pleadings, and DENIES without prejudice kSolo's alternative motion for summary judgment.

00:10
MDM

---

[10] The Court does, however, note that the Catonas' claim that the vicarious liability standard of copyright law has been incorporated into patent law is unsupported by case law. The Federal Circuit has not indicated that there is vicarious liability for direct infringement other than via the "direct" or "control" standard, and, to the contrary, has suggested that modifying the direct infringement standard "to reach independent conduct of multiple actors would subvert the statutory scheme for indirect infringement." 498 F.3d at 1381. Unlike the Copyright Act, the Patent Act "expressly provides that someone who 'actively induces infringement of a patent' is 'liable as an infringer,' 35 U.S.C. § 271(b)." Cartoon Network LP, LLLP v. CSC Holdings, Inc., 536 F.3d 121, 133 (2d Cir. 2008). But a claim of indirect infringement cannot proceed, however, without a finding that some other party "has committed the entire act of direct infringement." Paymentech, 498 F.3d at 1379.